IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JIMMY SHORT, #219971, | ) | |
| | ) | Civil Action No. 3:05-1170-HFF-JRM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Richard E. Smith; and | ) | **REPORT AND RECOMMENDATION** |
| Henry McMaster, Attorney | ) | |
| General of the State of SC, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Jimmy Short ("Short"), is an inmate at the South Carolina Department of Corrections serving a sentence of twenty-five years for armed robbery and assault and battery of a high and aggravated nature. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 15, 2005.[1] The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on June 14, 2005. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on June 16, 2005, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on July 15, 2005.

---

[1]This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed May 2, 2005.

## **Procedural History**

Short was found guilty of assault and battery of a high and aggravated nature and armed robbery by a jury on November 19, 1999.[2]  His convictions were affirmed on direct appeal.  After his application for post-conviction relief was denied, he filed a petition for writ of certiorari in the South Carolina Supreme Court raising the following question:

> Did the trial court lack jurisdiction to convict petitioner of armed robbery, when his indictment does not allege every element of that offense?

The dismissal of the PCR application was affirmed by a per curiam opinion of the South Carolina Supreme Court pursuant to Rule 220(b), SCACR.  Short v. State, Mem. Op. No. 04-MO-70 (filed Dec. 6, 2004).

The sole issue presented in the present petition centers on this issue.  Short asserts he is entitled to a writ of habeas corpus based on lack of "subject matter jurisdiction" because the "indictment failed to allege every element of the offense." (Petition, p. 5).

Short's indictment read:

> That Jimmy Short did in Dillon County on or about March 7, 1994, while armed with a deadly weapon feloniously take and carry away from the person or presence of the victim, McKenzie Convenience Store, by means of violence or intimidation causing fear, goods or monies of said victim without the victim's consent. (Supplemental App., p. 2).

Under South Carolina law, a robbery is "the felonious or unlawful taking of personal property of any value from the person of another, or in the person's presence, by violence or putting the person in fear." Brown v. State, 351 S.C. 219, 569 S.E.2d 336, 357 (2002).  Armed robbery requires the additional element that the robbery occurred while the defendant was armed with a

---

[2]He was found not guilty of two other assault charges.

deadly weapon.  State v. Jones, 342 S.C. 248, 536 S.E.2d 396 (Ct. App. 2000).  See also, S.C.

Code Ann. § 16-11-330(A).

Short asserted in state court and in his present petition that the omission of the name of the

victim, i.e., a person as opposed to McKenzie Convenience Store, deprived the trial court of

subject matter jurisdiction.

The due process clause of the United States Constitution requires only that a defendant be

given sufficient notice of the charges prior to trial.  Cole v. Arkansas, 333 U.S. 196 (1948).  It

does not require a formal arraignment.  It is clear that the requirement of Grand Jury indictment

contained in the Fifth Amendment to the United States Constitution does not apply to the states.

Wilson v. Lindler, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), *cert. denied*, 510 U.S. 1131 (1994)

and U.S. v. Floresca, 38 F.3d 706, 709 n.5 (4th Cir. 1994).  This rule allows states to prosecute

felony cases by information as opposed to grand jury indictment.  Hurtado v. California, 110 U.S.

516, 538 (1884); Wilkerson v. Whitley, 28 F.3d 498, 502-3 (4th Cir. 1994) (en banc); and Minner

v. Kerby, 30 F.3d 1311, 1317-18 (10th Cir. 1994).

In its order denying the petition for writ of certiorari, the South Carolina Supreme Court

cited Thompson v. State, 357 S.C. 192, 593 S.E.2d 139 (2004) as the basis for its decision.  The

Thompson court held that deficiencies such as the name of the victim are non-jurisdictional defects

which must be timely raised or they are waived.  Therefore, while Short's indictment may be

deficient under South Carolina standards, the Supreme Court ruled that the alleged deficiencies

did not deprive the court of jurisdiction.  See State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005)

for a discussion as to whether an indictment is sufficient to put a defendant on notice of the crime

as opposed to whether it fails to state the essential elements of the crime which is necessary to confer subject matter jurisdiction.

The states are free to define the jurisdictional requisites of their courts.  Generally, a subject matter jurisdiction claim based on a state court conviction is not cognizable in a state court matter.  <u>Wright v. Angelone</u>, 151 F.3d 151 (4th Cir. 1998).

## <u>Conclusion</u>

Based on a review of the record, it is recommended that respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

September 22, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
